## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-2652 (RPM)

THE ORIGINAL CREATINE PATENT COMPANY, LTD.,

    Plaintiff,

v.

DYMATIZE ENTERPRISES, INC.,

    Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

WHEREAS, the Court is advised that Plaintiff The Original Creatine Patent Company, Ltd., ("OCPC"), and Defendant Dymatize Enterprises, Inc. ("Dymatize") believe that certain documents and things, answers to interrogatories, testimony, and other responses, will contain trade secrets or other confidential research and development data or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and they believe the same or parts thereof may be relevant to the subject matter of the present action between them, within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED THAT:

    1.    If, in the course of this litigation, any party (including any attorney for such party) to this litigation or any third party undertakes or is caused to disclose what it, the disclosing party, contends is confidential or proprietary technical, scientific, financial or business

information, the procedures set forth herein shall be employed, in which case the disclosure shall be subject to this Order, and the information provided for purposes of and use in this case only.

2. <u>Definitions</u>

(a) The term PROTECTED INFORMATION shall mean information designated by either party as "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" or "CONFIDENTIAL INFORMATION" as defined below.

(b) The term CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, shall mean PROTECTED INFORMATION that is especially sensitive and is so designated by the producing party. The designation CONFIDENTIAL - ATTORNEYS ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (i) marketing and non-public financial information, (ii) strategic plans or market analyses; (iii) product cost information; (iv) product supplier information; (v) customer information; (vi) technical information, including all engineering drawings and all manufacturing drawings, concerning any past or present products or prototypes thereof; (vii) patent or trademark prosecution information; and (viii) any other PROTECTED INFORMATION the disclosure of which a party in good faith believes would likely cause competitive harm.

(c) The term CONFIDENTIAL INFORMATION shall mean any document, file, portions of files, transcribed testimony or response to a discovery request, including an extract, abstract, chart, summary, note or copy made therefrom not made available to the public – and designated by any one of the Parties in the manner provided for in paragraph 4 below as containing proprietary, scientific, technical, financial or business information.

2

(d) The term TECHNICAL ADVISOR shall refer to any person not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, and CONFIDENTIAL INFORMATION. Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

3.   <u>Disclosure Agreements</u>

(a) Each receiving party's representative designated under Section 6(a)(5) below, in-house counsel and TECHNICAL ADVISORS shall sign a disclosure agreement in the form attached hereto as Exhibit A. Copies of any disclosure agreement in the form of Exhibit A signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to the other party promptly after execution by facsimile and overnight mail. No disclosures shall be made to a TECHNICAL ADVISOR for a period of ten (10) business days after the disclosure agreement is provided to the other party.

(b) Before any PROTECTED INFORMATION is disclosed to outside TECHNICAL ADVISORS, the following information must be provided in writing, by personal delivery or facsimile, to the producing party and received no less than ten (10) business days before the intended date of disclosure to that outside TECHNICAL ADVISOR: the identity of that outside TECHNICAL ADVISOR, business address and/or affiliation and a current curriculum vitae of

3

the expert, and, if not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the expert. If the producing party objects to disclosure of PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, the producing party shall within five (5) business days of receipt serve written objections by personal delivery or facsimile, identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to object within five (5) business days shall authorize the disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR. As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the party seeking to disclose the PROTECTED INFORMATION to the expert may move for an Order of the Court allowing the disclosure. In the event that objections are made and not resolved informally, disclosure of PROTECTED INFORMATION to the expert shall not be made except by Order of the Court. However, the party resisting disclosure shall have the burden to prove that a protective order preventing disclosure would be warranted pursuant to Rule 26(c) and the applicable case law interpreting same.

(c)   Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

(d)   No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party seeking such

4

deposition has a good faith, demonstrable basis independent of the disclosure agreement of Exhibit A or the information provided under subparagraph (b) above that such person possesses facts relevant to this matter, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

4. <u>Designation of Information</u>

(a) Documents and things produced or furnished during the course of this litigation shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page and each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b) Documents and things produced or furnished during the course of this litigation shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS ONLY by placing on each page and each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS ONLY

(c) During discovery a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d) A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY by requesting the reporter to so designate the transcript at the time of the deposition or by notifying all parties in writing within ten (10) days following receipt of the transcript. All depositions shall be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS ONLY for a period of ten (10) days after receipt of the transcript.

(e) A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY when such papers are served or sent.

(f) A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(g) If a party is considering using specific CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY of another party in a motion or at a hearing, the party considering using such information shall, prior to disclosing such information, file a motion with the Court, with the proposed filings of papers or documents to be filed under seal, requesting that such materials be filed "under seal" pursuant to D.C. Colo. L. CivR. 7.3. With regard to the use at trial of information subject to this Order, the parties recognize that the matter will be dealt with in the Pretrial Order.

(h)     The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY that is not entitled to such designation or which is generally available to the public.

(i)     If a document has more than one designation, the more restrictive or higher confidential designation shall apply.

5.   <u>Disclosure and Use of Confidential Information</u>

Information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

6.   For purposes of this Order, "Qualified Recipient" means

(a)   For CONFIDENTIAL INFORMATION – ATTORNEYS ONLY:

(1)   Outside counsel for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent

7

reasonably necessary to render professional services in the litigation, outside copying services, document management services and graphic services;

(2)   Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)   Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4)   Any outside TECHNICAL ADVISOR employed by the foregoing counsel of record, subject to the requirements in Paragraph 3, page 3 above; and

(5)   Any witness during the course of discovery, so long as it is stated on the face of each confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author or a recipient of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author or a recipient of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, *provided that*: (i) the party seeking disclosure has a reasonable basis for believing that the witness is an employee, officer or shareholder of the party that produced the document; or (ii) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, the party seeking disclosure provides advance notice to the party that produced the document, and the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents.

8

      (b)     FOR CONFIDENTIAL INFORMATION:

           (1)     Those persons listed in paragraph 6(a); and

           (2)     Up to three designated corporate representatives for a party to this litigation who are actively engaged in the conduct of the litigation, and the secretary or assistants of such representatives to the extent reasonably necessary.

7.    (a)     In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, the papers shall be appropriately designated pursuant to paragraphs 4(a) and (b) and shall be treated accordingly.

      (b)     All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

      (c)     Documents, papers and transcripts filed with the court which contain any other party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY shall be filed in sealed envelops and labeled according to D.C. Colo. L. Civ. R. 7.3.

      (d)     To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY until such time as the documents have been produced, at which time any stamped classification will control. No

9

photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

    (e)  In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

    (f)  Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY.

8. <u>Inadvertent Failure to Designate</u>

(a) In the event that a furnishing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b) It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9. <u>Challenge to Designation</u>

(a) Any receiving party may challenge a furnishing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b) Notwithstanding anything set forth in paragraph 2(b) and (c) herein, any receiving party may disagree with the designation of any information received from the furnishing party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the furnishing party in writing to change the designation, stating the reasons in that request. The furnishing party shall then have five (5) business days from the date of receipt of the notification to:

(i) advise the receiving parties whether or not it persists in such designation; and

11

       (ii)  if it persists in the designation, to explain the reason for the particular designation.

  (c)  If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, any receiving party may then move the court for any order removing or changing the designation. The burden of proving that the designation is proper shall be upon the furnishing party.

  (d)  With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the furnishing party if:

       (i)  the information in question has become available to the public through no violation of this Order; or

       (ii)  the information was known to any receiving party prior to its receipt from the furnishing party; or

       (iii)  the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

10.  <u>Inadvertently Produced Privileged Documents</u>

  The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of privileged or attorney work product documents may occur. They therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the disclosing party may give written notice to the receiving party that the document or thing is

12

subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the disclosing party. The receiving party shall return to the disclosing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production. The receiving party may keep one copy of such material for the sole purpose of filing a motion to compel the production of the materials for reasons other than a waiver caused by the inadvertent production; however, absent a favorable ruling on the motion by the Court, such copy shall be treated as CONFIDENTIAL - ATTORNEYS ONLY, and no further use shall be made of the document or the information contained therein until the Court rules on the motion. In the event that the Court denies the motion to compel, the receiving party shall return the copy of the inadvertently produced materials to the producing party.

11.  <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS

13

ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the furnishing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

12. <u>Limitation</u>

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on grounds other than confidentiality.

13. <u>Conclusion of Litigation</u>

(a) At the conclusion of this litigation, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the furnishing party all materials and documents containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY and to certify to the furnishing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b) After this litigation, trial counsel for each party may retain one archive copy of all litigation documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY. Trial counsel's archive copy shall remain subject to all obligations of this Order.

14. <u>Production by Third Parties Pursuant to Subpoena</u>

Any third party producing documents or things or giving testimony in this litigation pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY. The parties agree that they will treat CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY produced by third parties according to the terms of this Order.

15. <u>Compulsory Disclosure to Third Parties</u>

If any receiving party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document seeks CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY of a producing party, the receiving party shall give prompt written notice to counsel for the furnishing party prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

16. After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

17.     This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time.

SO ORDERED THIS ____ DAY OF _August_, 2005.

_____
United States District Court Judge

STIPULATED PROTECTIVE ORDER
APPROVED:

/s/ James K. Lewis

_____
James K. Lewis
PATTON BOGGS LLP
1660 Lincoln Street, Suite 1900
Denver, CO 80264
Telephone: 303-830-1776
Facsimile: 303-894-9239

*Of Counsel*
Marc R. Labgold, Ph.D
Kevin M. Bell
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
Telephone: 703-744-8000
Facsimile: 703-744-8001

*Counsel for Plaintiff*

/s/ Casey L. Griffith

_____
Brian A. Carpenter
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
Telephone: 303-572-6573
Facsimile: 303-572-6540

*Counsel for Defendant*

*Of Counsel*
David W. Carstens
Casey L. Griffith
CARSTENS & CAHOON, LLP
13760 Noel Road, Suite 900
Dallas, Texas 75240
Telephone: 972-367-2001
Facsimile: 972-367-2002

*Counsel for Defendant*

16

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-2652 (RPM)

THE ORIGINAL CREATINE PATENT COMPANY, LTD.,

    Plaintiff,

v.

DYMATIZE ENTERPRISES, INC.,

    Defendant.

---

## DISCLOSURE AGREEMENT

---

    I, _____, am employed by _____. In connection with this action, I am:

_____     an in-house counsel to one of the parties to this action;

_____     a director, officer or employee of _____ who is directly assisting in this action;

_____     have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR");

_____     Other Qualified Recipient (as defined in the Protective Order)

    (Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Protective Order in the matter of *The Original Creatine Patent Company, Ltd. v. Dymatize Enterprises, Inc.,* Civil Action No. 04-M-2652, pending in the United States District Court for the District of Colorado. I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION, including documents, for any purpose not appropriate or

necessary to my participation in this case or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order. To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed by Recipient

_____
Name (printed)

Date: _____

218742v1